FILED
US DISTRICT COURT CLERK
WESTERN DISTRICT
03 SEP -9  AM 10: 48

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

| | |
|---|---|
| MICHAEL R. HASKEN, SR., and GREGG HASKEN, on behalf of themselves and all persons similarly situated<br><br>Plaintiffs<br>vs.<br><br>LOUISVILLE/JEFFERSON COUNTY METRO GOVERNMENT, et al<br>Defendants | CASE NO. 3:00CV-546-S |

### PLAINTIFFS' MOTION TO RECONSIDER ORDER OF AUGUST 1, 2003 AND, IN THE ALTERNATIVE, TO CLARIFY ORDER OF AUGUST 1, 2003

\* \* \* \* \* \* \* \* \*

This Court's Order of August 1, 2003, dismissed without prejudice Plaintiffs' state law breach of contract claims. The Motion to Dismiss had been filed and argued by Defendant Michael J. Kurtsinger ("Kurtsinger"), a Defendant solely on the count by which review was sought of the Order of the Kentucky Labor Cabinet. The Court did not address in its Order the standing, or more appropriately, the lack of standing, of Defendant Kurtsinger to seek dismissal of claims in which he had no legally cognizable interest. Despite that at most Kurtsinger might have had an interest in arguing against a class definition which would include him (although he was, as noted, only a party for purposes of the count seeking administrative review), Kurtsinger not only made arguments against the class (which were considered by the Court) but also went further and sought dismissal of state law breach of contract claims to which he was not a party. It should mean nothing to Kurtsinger that some of his fellow Firefighters thought their claims against the City were best addressed by this Court. In granting Kurtsinger's Motion to Dismiss, the Court did not address Plaintiffs' arguments of Kurtsinger's lack of standing. It is Plaintiffs'

understanding that the Louisville/Jefferson County Metro Government does not object to the continued discretionary exercise of this Court's supplemental jurisdiction over Plaintiffs' state law breach of contract claims. As pointed out in Plaintiffs' initial papers in response to the Motion to Dismiss, substantial time and effort has been invested by the parties and by this Court in those claims, which factors argue in favor of the Court's continued exercise of its supplemental jurisdiction. For these reasons, Plaintiffs respectfully request that the Court reconsider its Order of August 1, 2003, and rule that its supplemental jurisdiction will continue to be exercised over the Plaintiffs' state law breach of contract claims.

In the event that the Court declines to reconsider the exercise of its supplemental jurisdiction, Plaintiffs will be left with no practical choice but to proceed with their state law breach of contract claims in state court.[1] In that event, it is particularly important the rulings made by this Court be clear and unambiguous. For that reason, Plaintiffs request the Court to clarify the basis for its denial of Plaintiffs' Motion to Reconsider Class Certification.

In support of the request to clarify, Plaintiffs note that in its *Memorandum Opinion* of February 11, 2003, the Court expressly recognized that the initially proposed class definition[2] satisfied the requirements for Fed.R.Civ.Proc. 23(a) and that questions of law or fact common to members of the class predominated over individual questions, as required by Fed.R.Civ.Proc.23(b)(3), *Memorandum Opinion* at 3. However, because of the existence of the state law claimants in *Kurtsinger, et al. v. City of Louisville*, 01-CI-00983, the Court found that a

---

[1] In order to avoid any argument as to the timely refiling of those claims in state court, Plaintiffs have filed their state law claims in state court, but it remains their intent and desire to prosecute those claims in this Court should the Court allow them to do so. Plaintiffs are not, by these statements, waiving their rights to seek appellate review of any rulings of this Court, including the Opinion and Order of August 1, 2003.

[2] The first proposed class definition included all current and former Firefighters, and would have encompassed the state court plaintiffs.

class action was not a superior method for adjudication of the state law claims of the proposed class members, *Memorandum Opinion* at 4, and the Court denied the motion for class certification.

On April 4, 2003, Plaintiffs filed a Motion to Reconsider Class Certification and submitted a modified class definition which excluded the state court litigants. Plaintiffs believed that certification of a class that did not include state court plaintiffs would resolve the superiority concerns expressed by the Court and allow certification for the salutary public policy benefits of class actions. Plaintiffs also raised an additional ground not previously urged, and asked the Court to certify a class pursuant to Fed.R.Civ.Proc. 23(b)(1)(B) because "the prosecution of separate actions by or against individual members of the class would create a risk of ... adjudications with respect to individual members of the class which would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests . . ."

On August 1, 2003, the Court declined to exercise its supplemental jurisdiction over Plaintiffs' state law claims and dismissed those claims without prejudice. After dismissing the state law claims, the Court then denied Plaintiffs' Motion to Reconsider the Motion for class certification without explanation. Once the Court dismissed Plaintiffs' state law claims the matter of class certification of those claims under Fed.R.Civ.Proc. 23 became moot. *Murphy v. Hunt,* 455 U.S. 478, 481 (1982)(Holding that an issue in a case becomes moot "when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome.") See also, *In re Surrick,* 338 F.3d 224 (3rd Cir. 2003)("[T]he central question of all mootness problems is whether changes in circumstances ... have forestalled any occasion for meaningful relief.") Plaintiffs submit that it will be important for the state court to know that this Court has

never ruled as a substantive matter on the superiority considerations attendant to Plaintiffs' revised class definition, nor has this Court ruled on whether class certification is appropriate under the specific provisions for Fed.R.Civ.Proc. 23(b)(1)(B). In the absence of clarification by this Court, the parties will be left to simply bicker over this Court's rulings.

In conclusion, Plaintiffs first request the Court to reconsider its Order of August 1, 2003, and to determine that, in the absence of objection by the real party in interest, Louisville/Jefferson County Metro Government, this Court will exercise its supplemental jurisdiction over Plaintiffs' state law breach of contract claims. Failing that, Plaintiffs ask the Court to clarify its Order of August 1, 2003, by providing simply that the Motion to Reconsider Class Certification was denied as moot and that the Court has not reached either the substantive determination of whether the revised class definition would still present superiority issues or whether it would be appropriate under Fed.R.Civ.Proc. 23(b)(1)(B) to certify a class. A tendered Order is attached.

Respectfully Submitted,

Ann B. Oldfather
Andrew J. Horne
OLDFATHER & MORRIS
1330 South Third Street
Louisville, KY  40208
(502) 637-7200
Counsel for Plaintiff

## CERTIFICATE OF SERVICE

The above signature certifies that a copy hereof was mailed on September 9, 2003, to:

Edwin S. Hopson
J. Michael Brown
Mitzi D. Wyrick
Wyatt, Tarrant & Combs
Citizens Plaza, Suite 2800
500 W. Jefferson Street
Louisville, KY 40202-28298
Counsel for Defendant, City of Louisville

Margaret Goodlett Miles
Office of General Counsel
Kentucky Labor Cabinet
1047 U.S. Highway 127 S., Suite 4
Frankfort, KY 40601
Counsel for Kentucky Labor Cabinet

John D. Parsons
Office of General Counsel
Kentucky Labor Cabinet
1047 U.S. Highway 127 S., Suite 4
Frankfort, KY 40601
Counsel for Kentucky Labor Cabinet

Herbert L. Segal
Segal Stewart Cutler Lindsay Janes & Berry
1400-B Waterfront Plaza
325 W. Main St.
Louisville, KY 40202
Counsel for Michael Kurtsinger

Thomas A. Woodley
Douglas L. Steele
Woodley Genser & McGillivary
1125 15th St., NW, Suite 400
Washington, DC 20005
Co-Counsel for Michael Kurtsinger

R:\Mam\Firefighters\Pleadings\mtclarify8103order.doc