UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

MICHAEL R. HASKEN, SR., et al.                                                    PLAINTIFFS

v.                                                                          CIVIL ACTION NO. 3:00CV-546-S

CITY OF LOUISVILLE, et al.                                                      DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the court on motion of the plaintiffs, Michael R. Hasken, Sr., et al., for reconsideration of the August 1, 2003 order of this court or, alternatively, for clarification of that order.

The plaintiffs contend that this court's order should be vacated because the defendant, Michael J. Kurtsinger, lacked standing to seek dismissal of the state law breach of contract claims. This is an insufficient basis for alteration of the court's decision, as the court may address *sua sponte* the propriety of exercising supplemental jurisdiction over state law claims. As noted in *Acri v. Varian Associates, Inc.*, 114 F.3d 999, 1001 (9th Cir. 1997),

> ...[W]e emphasize that actually exercising discretion and deciding whether to decline, or to retain, supplemental jurisdiction over state law claims when any factor in subdivision (c) is implicated is a responsibility that district courts are duty-bound to take seriously...While discretion to decline to exercise supplemental jurisdiction over state law claims is triggered by the presence of one of the conditions in § 1367(c), it is informed by the *Gibbs* values "of economy, convenience, fairness, and comity." [citations omitted]. Given the importance of these values in our federal system, the proper administration of justice is far better served by deliberate decision than by default.

*see also, Government Employees Insurance Company v. Dizol*, 133 F.3d 1220 (9th Cir. 1998).

Alternatively, the plaintiffs seek clarification of the court's order. In particular, the plaintiffs ask that we inform the state court that the court did not consider two new grounds raised by them in their motion for reconsideration of the court's ruling denying class certification of the state law

claims. The court's memorandum opinion stated that the court "need not reconsider the earlier decision declining to certify the state law claims as a class action." (DN 213, pg.5). Nothing more need be said.

Motion having been made and for the reasons set forth hereinabove and the court being otherwise sufficiently advised, **IT IS HEREBY ORDERED AND ADJUDGED** that the motion of the plaintiffs, Michael R. Hasken, Sr., et al., to reconsider the August 1, 2003 order of this court, or alternatively, for clarification (DN 215) is **DENIED**.

**IT IS SO ORDERED** this 15th day of January, 2004.

CHARLES R. SIMPSON III, JUDGE
UNITED STATES DISTRICT COURT

cc: Counsel of Record

ENTERED
JAN 2 0 2004
JEFFREY A. APPERSON, CLERK
BY DEPUTY CLERK